## State of Vermont
## Superior Court—Environmental Division

======================================================================
## E N T R Y   R E G A R D I N G   M O T I O N
======================================================================

**In re Lawrence Site Plan Approval**                    **Docket No. 166-10-10 Vtec**
**(Appeal from Town of Brattleboro Development Review Board decision)**

Title: Motion for Permission to File an Interlocutory Appeal and Request for Stay of
     Pending Appeal (Filing No. 12)
Filed: July 25, 2011
Filed By: Appellant Susan Rockwell

___ Granted                  _X_ Denied                  ___ Other

Appellant Susan Rockwell has requested permission to file an interlocutory appeal and has requested that the proceedings before this Court be stayed while that appeal is pending. For the reasons summarized below, and for the reasons detailed in the other entry orders issued today on other motions of Appellant Rockwell and Appellee Lawrence, the Court **DENIES** Ms. Rockwell's requests.

Appellant Rockwell correctly states the legal standard applicable to requests for interlocutory appeals: trial courts are directed to allow such appeals when (1) there is "substantial ground for difference of opinion" on a controlling question of law and (2) the "immediate appeal may materially advance the termination of the litigation." V.R.A.P. 5(b)(1). However, Appellant has failed to provide sufficient grounds for this Court to render the necessary determinations.

First, the controlling question of law appears undisputed: an "interested person" has the authority to intervene and participate in an appeal before this Court. See 10 V.S.A. § 8504(n)(5) ("Any person may intervene in a pending appeal [before the Environmental Division] if that person . . . qualifies as an 'interested person'" under the applicable statutory criteria.). Here, there is no dispute that the Town of Brattleboro, as the municipality where the subject property lies and whose zoning regulations govern the application before us in this on-the-record appeal, qualifies as an "interested person" pursuant to 24 V.S.A.§ 4465(b)(2).[1]

Appellant offers no foundation for disputing the legal standard for interested person intervention/participation in environmental appeals, as established by 10 V.S.A. § 8504(n). Rather, Appellant appears confused by the distinction between a party that is merely an interested person and a party who has additionally fulfilled the requirements to be an appellant; the former is merely entitled to participate in the

---

[1] We note here, for clarity's sake, that this Court uses the term "interested person" in two ways—as a statutory term of art to refer to parties who fall within the definitions listed in 24 V.S.A. § 4465(b) and informally, to refer to parties who meet the requirements to participate, or "intervene" in appeals brought by other parties under any of the categories in 10 V.S.A. § 8504(n), including the one that references 24 V.S.A. § 4465(b). Here, the Town is both—an interested person under the definition in 24 V.S.A. § 4465(b)(2) and, as a result, an interested person who can participate in this appeal via 10 V.S.A. § 8504(n)(5).

proceedings; the latter initiates the proceedings and establishes the legal issues the Court is to review on appeal.  See 24 V.S.A. § 4471(a) (requiring that one who wishes to appeal must both qualify as "an interested person" pursuant to 24 V.S.A. § 4465(b) **and** have "participated in the municipal regulatory proceeding") (emphasis added); V.R.E.C.P. 5(f) (requiring "the appellant" **and not** all interested parties to file a statement of questions within 20 days of filing their notice of appeal) (emphasis added).

The applicable law is clear and Appellant has offered no basis for us to conclude that there is a difference of opinion on this legal standard.  For this reason, we conclude that Appellant has failed to satisfy the first necessary requirement for receiving permission to file an interlocutory appeal.

In addition, we are unpersuaded that an interlocutory appeal will materially advance this litigation.  Even if the Court is mistaken in its ruling that the Town is entitled to participate as an interested person here, the principal parties will still need to adjudicate the substantive legal issues in this appeal.  The appeal is at a stage close to disposition, as no hearing is required in this on-the-record appeal and the Court has directed the parties to file their legal briefs.  An interlocutory appeal, if granted, would unnecessarily delay the proceedings before this Court, and it would not provide any more efficient path to the termination of this litigation than an appeal after a judgment order is issued.

Therefore, for all these reasons, Appellant's request for permission to file an interlocutory appeal and request that the proceedings before this Court be stayed must be **DENIED**.


_____          _____July 27, 2011_____
          Thomas S. Durkin, Judge                                    Date

===================================================================

Date copies sent to: _____                         Clerk's Initials _____

Copies sent to:

  Appellant Susan Rockwell, Esq., Pro Se

  Jodi P. French, Attorney for Interested Person Town of Brattleboro

  Appellee Stephen Lawrence, Pro Se